Matter of 900 Eight Ave. Condo LLC v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 02361)

Matter of 900 Eight Ave. Condo LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 02361

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Index No. 157101/22 Appeal No. 2196 Case No. 2023-03712 

[*1]In the Matter of 900 Eight Avenue Condo LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (Daniel Gewirtz of counsel), for appellant.
Mark F. Palomino, New York (Robert Ambaras of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Richard Latin, J.), entered on or about July 13, 2023, denying the petition to annul the determination of respondent Division of Housing and Community Renewal (DHCR), dated June 23, 2022, which denied its petition for administrative review (PAR) to reverse the Rent Administrator's order, dated January 29, 2021, which granted the tenants' application for a rent reduction, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Rent Stabilization Law § 26-514 and Rent Stabilization Code § 2523.4(a)(1) provide that a tenant may apply to DHCR for a reduction in the rent if it is found that the owner has failed to maintain required services. This Court has held that "DHCR has broad discretion in ascertaining whether a required service is not being properly provided" (Matter of 113-117 Realty, LLC v Division of Hous. & Community Renewal, 199 AD3d 506, 506 [1st Dept 2021]).
Here, the Rent Administrator found that separate doorman service was previously provided, and the tenants claimed that this doorman service was discontinued in 2018. The Rent Administrator also found that while petitioner first denied that a doorman was provided, petitioner later maintained that the removal of the doorman was de minimis and failed to rebut the tenants' assertion that doorman service was discontinued in 2018. The Rent Administrator noted further that petitioner's website advertised doorman service to prospective renters, and that DHCR's records did not indicate that petitioner ever applied to discontinue doorman services. Based on the foregoing, there was a rational basis for the rent reduction order.
Since the rent reduction order had a rational basis, to the extent DHCR deviated from its own established rules in considering new evidence in the form of a third inspection and affirming the Rent Administrator's order, without first remanding the matter, it does not warrant reversal because the third inspection report did not contradict the evidence considered by the Rent Administrator (cf. Matter of Partman v New York State Div. of Hous. & Community Renewal, 179 AD3d 466, 466-467 [1st Dept 2020]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024